UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cory Holland, Sr.,

       Plaintiff,

v.                                Case No. 15-12849

Macomb, County of, *et. al.*        Sean F. Cox
                                   United States District Court Judge

       Defendants,

_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL AND FOR
SUMMARY JUDGMENT IN PART AND DENYING IN PART**

       Plaintiff Cory Holland, Sr. ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). Plaintiff names the following as Defendants in this action: (1) Macomb County; (2) Macomb County Prosecutor, Eric Smith; (3) Macomb County Executive, Mark Hackel; (4) Macomb County Sheriff Anthony Wickersham; and (5) Macomb County Deputy Sheriff Gregory Shell (collectively, "Defendants"). (Doc. #1, Compl.).

       Plaintiff's complaint, which is a bit difficult to follow, relates to Plaintiff's 2014 criminal conviction for Disorderly Person.[1] Plaintiff alleges a string of factual allegations recounting misconduct on the part of Defendants, which Plaintiff claims eventually led to his 2014 conviction of Disorderly Person. Plaintiff asserts that he was set up by Defendants based upon their racial animus toward him. Plaintiff seeks to have the Court vacate his 2014 Disorderly

---

       [1] Plaintiff was originally charged with violating M.C.L. 750.157n(1) Financial Transaction Device - Steal/Retain Without Consent, but he later plead guilty to a reduced misdemeanor charge of Disorderly Person, in violation of M.C.L. 750.167.

Person conviction and he seeks monetary damages in the amount of one billion dollars.

This matter is currently before the Court on Defendants' Motion for Dismissal and for Summary Judgment. (Doc. #15, Def.s' Br.). Defendants seek dismissal on six alternative grounds: (1) the doctrine of *Heck v. Humphrey*; (2) the doctrine of prosecutorial immunity; (3) failure to state a claim under Rule 8(a)(2); (4) the doctrine of qualified immunity; (5) failure to state a claim of municipal liability; and (6) statute of limitations. *Id.* at 2. Defendants also ask that the Court award attorney fees for having to defend against this action. The motion has been fully briefed by the parties. Because oral argument would not significantly aid in the decisional process, the Court orders that the motion shall be decided upon the briefs. *See* E.D. Mich. LR 7.1(f).

For the reasons below, Defendants' motion shall be **GRANTED IN PART and DENIED IN PART**. Defendants' motion shall be **GRANTED** to the extent that it seeks dismissal of Plaintiff's claims under the doctrines of *Heck v. Humphrey*, prosecutorial immunity and for failing to state a claim upon which relief may be granted. Defendants' motion shall be **DENIED** to the extent that it seeks an award of attorney fees.

## BACKGROUND

### A.    Factual Background

### 1.    Plaintiff's 2014 Criminal Conviction

On August 1, 2013, the Macomb County Sheriff's Department received a complaint from Paige Presswood ("Presswood") regarding Plaintiff.[2] Presswood claimed that Plaintiff had fraudulently obtained and used their disabled son's Social Security Insurance debit card to

---

[2] Presswood and Plaintiff have two children together.

withdraw $450 from a Comerica Bank account.  (Compl. ¶18; Ex. 1 to Def.s' Br.).  Upon further investigation, the Macomb County Prosecutor's office approved a warrant.  (Compl. ¶28; Ex. 1 to Def.'s Br.).  Plaintiff was charged with the felony of "stealing, removing, retaining, or secreting another's financial transaction device without consent," in violation of M.C.L.A. 750.157n.  (Ex. 2 to Def.s' Br.).

On January 15, 2014, Plaintiff plead guilty to a reduced misdemeanor charge of "Disorderly Person," in violation of M.C.L.A. 750.167.  (Compl. ¶ 28; Ex. 3 to Def.s' Br.).  Plaintiff was sentenced to one year of non-reporting probation and ordered to pay restitution of $473.34, a fine of $170, and court costs.  (Compl. ¶ 29; Ex. 2 to Def.'s Br.).  It appears that Plaintiff's guilty plea and sentence were not appealed and the criminal matter against him has since been closed.

### 2.    Allegations Contained In Plaintiff's Complaint

Plaintiff's complaint recounts a string of convoluted facts, which Plaintiff claims demonstrate violations of his constitutional rights.  Plaintiff's complaint contains allegations against Defendants Smith, Wickersham, Shell, and Macomb County.  Plaintiff's complaint fails to allege any facts as to Defendant Hackel.

Plaintiff summarily alleges that he is suing Defendant Eric Smith for  "political corruption, malicious prosecution, targeting me for speaking out against them ... retaliation, slander, [and] discrimination."  (Compl. at 2).  It appears that Plaintiff is suing Defendant Smith in his individual capacity. (*See* Doc. #17, Pl.'s Resp. at Pg ID 115).

Plaintiff alleges that he is suing Defendant Anthony Wickersham for "allowing several illegal raids to happen to my ... home (88 Parkview St), allowing his officers to stalk, harass,

3

threaten me, and smash windows in front of my home, vandalize my truck, slice the tires, and commit hate crimes on me and my property." *Id.* It appears that Plaintiff is suing Defendant Wickersham in his individual capacity. (*See* Doc. #17, Pl.'s Resp. at Pg ID 115).

Plaintiff alleges that he is suing Defendant Gregory Shell for "threats, discrimination, property damage, stalking, intimidation ... falsifying criminal reports, assault, emotional distress, corruption, and harassment..." *Id.* at 3. It appears that Plaintiff is suing Defendant Shell in his individual capacity. (*See* Doc. #17, Pl.'s Resp. at Pg ID 115).

Plaintiff alleges that he is suing Defendant Macomb County for "ignoring my several complaints about the ... hate crimes that happen to me, and leaving in place officials who are corrupt, and their positions of power to intimidate, retaliate and falsely imprison and arrest political enemies. Who treat minorities like [second-]class citizens and abuse their 'discretion,' then invoke 'immunity' use coercion to get false information and confession to justify baseless charges..." *Id.* It appears that Plaintiff is suing Defendant Macomb County under a theory of municipal liability.

To provide the court with a "more detailed account," Plaintiff attaches a document to his complaint, containing 34 typed paragraphs.

In the first 16 paragraphs, he alleges various altercations with racist neighbors, Presswood, unnamed officials from the Macomb County Sheriff's Department, Defendant Shell, and Defendant Smith. (Doc. #1, Compl. ¶¶ 1-16). Plaintiff alleges that Defendants continually failed to follow up on charges he would bring against individuals for ethnic intimidation. Plaintiff also alleges that unidentified individuals from the Sheriff's Department began to raid his home and that the raids continued until he "had a sit down with Sheriff Wickersham, and

4

made the raids stop..." *Id.* ¶ 6.  He alleges that Defendant Wickersham advised that Plaintiff was "blacklisted" and that, no matter the charge, Defendant Smith refused to prosecute Plaintiff's offenders.  *Id.* ¶ 14.

Plaintiff appears to be claiming that his altercations with Defendants caused Plaintiff to be the subject of some sort of "set up."  *Id.* ¶¶ 24-28, 34.  This set up allegedly resulted in Plaintiff's 2014 Disorderly Person conviction.  *Id.*  The set up manifested itself after Plaintiff and Presswood were involved in a dispute over the welfare of their son.  *Id.* ¶ 17.  Plaintiff had called authorities and claimed that Presswood's partner was abusing their disabled son.  *Id.*  Presswood allegedly retaliated by filing a false report accusing Plaintiff of using their son's debit card without authorization.  *Id.* ¶ 18.

Plaintiff alleges that Defendants kept Presswood from dropping the false charges against him.  Defendants allegedly harassed and threatened Presswood into maintaining her false statement in the debit card fraud case against Plaintiff.[3]  *Id.* ¶¶ 18, 24, 27-28, 30, 34.  Plaintiff eventually plead to a lesser charge despite being "set up" by a "corrupt" prosecution.  *Id.* ¶¶ 28-29.

**B.     Procedural Background**

Plaintiff filed this *pro se* action on August 12, 2015.  Plaintiff's Complaint purports to allege violations of Plaintiff's constitutional rights.  Plaintiff names the following as Defendants

---

[3] *See* Compl. ¶ 24 ("... then a few weeks later all of a sudden my kids mother calls me crying and really upset, telling me I was being set up by Eric Smith and the Sheriff Dept..."; *see also Id.* ¶ 27 ("The next day cps visit my kids mother and applied pressure on her about moving fwd on the criminal, they forced her to take a on the spot drug test, and numerous other things, two days later my kids mother decides to cooperate with the criminal investigation after refusing to for over a month, she went in and gave them a false statement.").

in this action: (1) Macomb County; (2) Macomb County Prosecutor, Eric Smith; (3) Macomb County Executive, Mark Hackel; (4) Macomb County Sheriff Anthony Wickersham; and (5) Macomb County Deputy Sheriff Gregory Shell.  Plaintiff seeks to have his 2014 criminal conviction vacated and seeks monetary damages in the amount of one billion dollars, along with attorney fees.

On August 12, 2015, Plaintiff filed a Motion for Appointment of Counsel (Doc. #3), which the Court denied on August 26, 2015.  (Doc. #8).

On September 21, 2015, Defendants filed a Motion for Dismissal and for Summary Judgment.  (Doc. #15).  Defendants offer six alternative reasons for dismissal of Plaintiff's claims.  Defendants also ask for an award of attorney fees.  The motion has been fully briefed by the parties.

## STANDARDS OF DECISION

### A.    *Pro Se* Standards

When reviewing the allegations contained in a *pro se* complaint, the Court must employ a standard less stringent than if the complaint had been drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Despite this liberal standard, however, the Court "need not accept as true conclusions or unwarranted factual inferences."  *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).  To put it differently, "the lenient treatment generally accorded to *pro se* litigants has limits," and such litigants are "not automatically entitled to take every case to trial."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Moreover, "courts should not have to guess at the nature of the claim asserted."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir.

2012).

**B.      Standard Pursuant to Rule 12(b)(6)**

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true.  *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint needs to contain only "enough facts to state a claim for relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 557.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."[4]  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours

---

[4] The exhibits attached to Defendants' motion may be considered by the Court because they are either referenced in Plaintiff's Complaint or are central to the claims alleged therein.

7

and details of the plaintiff's [second amended] complaint, and added nothing new" did not

convert motion to dismiss into a motion for summary judgment).

## C.     Standard Pursuant to Rule 56

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984), *quoting* FED.

R. CIV. P. 56(c).

"The party that moves for summary judgment has the burden of showing that there are no

genuine issues of material fact in the case." *LaPointe v. United Autoworkers Local 600*, 8 F.3d

376, 378 (6th Cir. 1993). "The moving party may meet its burden by showing that the

nonmoving party lacks evidence to support an essential element of its case." *Barnhart v.

Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). The plaintiff must come

forth with more than a "mere scintilla of evidence" in support of his or her position in order to

survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "The

court must view the evidence, all facts, and any inferences that may permissibly be drawn from

the facts in the light most favorable to the nonmoving party." *Matsushita Elec. Indus. Co. v.

Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

As previously mentioned, Defendants advance alternative reasons in support of their

motion: (1) the doctrine of *Heck v. Humphrey*[5]; (2) the doctrine of prosecutorial immunity; (3) failure to state a claim under Rule 8(a)(2); (4) the doctrine of qualified immunity; (5) failure to state a claim of municipal liability; and (6) statute of limitations.

The Court shall dismiss Plaintiff's § 1983 claims because: (1) the claims relating to the validity of Plaintiff's 2014 conviction are barred by the doctrine of *Heck v. Humphrey*; (2) the claims against Defendant Smith relating to his decision to prosecute cases are barred by the doctrine of prosecutorial immunity; and (3) Plaintiff's remaining federal claims fail to state a claim upon which relief can be granted.

## A.   Construed Liberally, Plaintiff's Complaint Appears To Assert Seven Federal Claims

The first four pages of Plaintiff's complaint identify the Defendants and summarily state a number of claims against them. (Pl.'s Compl. at 1-4). Plaintiff supplements these conclusory claims with 34 typed paragraphs of alleged facts–reading more like a story, than a complaint–which Plaintiff believes entitle him to relief under § 1983.

To the best the Court can discern[6], Plaintiff's complaint arguably alleges the following § 1983 claims: (1) substantive due process claim; (2) conspiracy claim[7]; (3) race discrimination claim against Defendant Smith; (4) malicious prosecution claim against Defendant Smith; (5) First Amendment retaliation claim; (6) failure to intervene claim against Defendant Wickersham;

---

[5] Defendants argue that Plaintiff's complaint, in its entirety, is barred by the doctrine *Heck v. Humphrey*. The Court does not agree. Some of Plaintiff's claims are unrelated to his 2014 criminal conviction and, therefore, escape the *Heck* bar.

[6] Based upon a review of Plaintiff's complaint and responsive pleadings.

[7] The Court construes Plaintiff's allegations as to being "set up" by defendants as alleging a claim for conspiracy.

and (7) municipal liability claim against Macomb County.

To the extent that Plaintiff is attempting to assert other § 1983 violations, these claims were not adequately alleged in his complaint.

### 1.      Claims Relating to Validity of 2014 Conviction Are Barred By *Heck v. Humphrey*

To the extent that Plaintiff's claims call into question his 2014 criminal conviction, they are subject to dismissal because Plaintiff has not alleged that his conviction has been overturned. Based upon a review of Plaintiff's complaint, the following claims relate to the validity of his 2014 criminal conviction: (1) the substantive due process claim against Defendants;[8] (2) the conspiracy claim against Defendants;[9] and (3) the malicious prosecution claim against Defendant Smith.[10]

Under the doctrine of *Heck v. Humphrey,* a § 1983 plaintiff may not file suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed

---

[8] Plaintiff's complaint states that Defendants are being sued pursuant to "USC 42 '1983 section' due process..." (Compl. at 1). In his sur-reply, Plaintiff asserts that "he just knows illegal raids, retaliation, corruption, threats and intimidation, and malicious destruction of property, being held at gunpoint with his two year old in his arm/around, was used to deprive him of is Constitutional rights, and **was used to get a fabricated statement, that lead to him being falsely arrested and convicted,** because of politics and racism. (Doc. #19, Pl.'s Sur-reply at Pg ID 157) (emphasis added). Plaintiff further concludes that "all the allegations against the Defendants are arbitrary, and definitely 'shock the conscience', of any reasonable person, and violate the plaintiff's due process rights." *Id.*

[9] Plaintiff alleges that his 2014 criminal conviction was the result of a "set up" between Defendant Smith and the Macomb County Sheriff's Department.

[10] Plaintiff alleges that "a lot of politics and corruption" were involved in Plaintiff's criminal case. Plaintiff alleges that Defendant Smith knowingly fabricated evidence in the 2014 criminal case against Plaintiff by procuring a false statement from Presswood regarding the use of his son's debit card.

on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Here, Plaintiff has not alleged that his conviction has been overturned, expunged, or called into question. Thus, the claims relating to Plaintiff's criminal prosecution and conviction fail to state a claim for which relief may be granted and must be dismissed. *See Adams v. Morris*, 90 Fed. App'x 856, 858 (6th Cir. 2004). If Plaintiff were to prevail on his conspiracy and substantive due process claims against Defendants or his malicious prosecution claim against Defendant Smith, then his 2014 conviction would undoubtedly be called into question. Consequently, such claims are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*.

2.   **Malicious Prosecution and Discrimination Claims Against Defendant Smith Are Barred by Prosecutorial Immunity**

To the extent that Plaintiff's malicious prosecution and discrimination claims against Defendant Smith pertain to Smith's decision to prosecute Plaintiff's case as opposed to other cases, (*See* Pl.'s Compl. ¶¶3-5,10-11, 14), these claims must be dismissed because prosecutors are immune from suit for actions taken during the prosecution of a plaintiff.

"Absolute prosecutorial immunity ... is a common law principle that shields a prosecutor

11

from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process, such as "initiating a prosecution and ... presenting the State's case." *Imbler*, 424 U.S. at 430-31. "Absolute immunity allows a prosecutor to exercise his independent judgment in 'deciding which suits to bring and in conducting them in court' based on his duty to the public rather than on a fear of potential liability in a suit for damages." *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 424-25). The motives of a prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).

Here, any decision by Defendant Smith to Prosecute Plaintiff's case as opposed to other cases, his communication with witnesses, and his decisions regarding the disposition of cases, are all a part of his role as advocate, which entitle him to absolute prosecutorial immunity.

### 3.    Plaintiff's Remaining Claims Against Defendants Fail To State A Federal Claim Upon Which Relief May Be Granted

Even with the more liberal construction accorded to a *pro se* litigant's complaint, it is well established that the complaint must still set forth some cognizable claim and that conclusory pleadings are insufficient and will be dismissed. *Chapman v. Tennessee Dept. of Corrections*, 817 F.2d 104, *1 (6th Cir. 1987). A complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all material elements to sustain recovery under some legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Basic pleading requirements are not abrogated in *pro se* suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Even *pro se* litigants must meet minimum standards, which include pleading their claims with requisite specificity so as to give defendants notice of the claims

asserted against them.  *Id.*

Plaintiff brings his federal law claims against Defendants pursuant to 42 U.S.C. § 1983. In order to proceed under Section 1983, a plaintiff must prove that: (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

### i.      Plaintiff Fails To State Any Claim Against Defendant Hackel

Plaintiff has failed to assert any federal claim against Defendant Hackel.  Where, as here, "a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints."  *Baker v. Noronha*, 2013 WL 639336, *3 (E.D. Mich. Jan. 8, 2013) (internal citations and quotations omitted); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing a complaint where the plaintiff failed to allege how any named defendant was involved in or responsible for each alleged violation of rights).

### ii.      Plaintiff Fails To State A § 1983 Claim For First Amendment Retaliation

Construing Plaintiff's complaint liberally, the Court finds that he has failed to state a claim for First Amendment Retaliation.  Here, Plaintiff's complaint alleges that Plaintiff took his grievances regarding ethnic intimidation and racism to the public, *i.e.* Plaintiff spoke at community hearings and was featured on Channel 7 News.  (Compl. ¶¶ 5, 7).  After speaking at community hearings, Plaintiff alleges that the Sheriff's department suddenly began raiding his home.  *Id.* ¶ 6.  Plaintiff further alleges that "cops became very aggressive after the news clip,

13

driving by my home real slow at night, or just sitting there for awhile before pulling off." *Id.* ¶ 7. Plaintiff's complaint also states, in a conclusory fashion, that Plaintiff was targeted by Defendant Smith for speaking out against Defendants.

To establish a First Amendment retaliation claim, a plaintiff must prove the following: (1) the plaintiff engaged in protected speech or conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) "that the adverse action was motivated at least in part by the plaintiff's protected conduct." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 25 (6th Cir. 2006) (internal citations omitted).

Plaintiff's complaint fails to allege any fact from which the Court could plausibly infer a causal connection between Plaintiff's protected speech and the allegations of "retaliatory" conduct. Moreover, Plaintiff's allegations of retaliatory conduct are speculative and vague. They refer largely to unnamed officers and unnamed neighbors, and are based primarily on Plaintiff's own conjecture. *See* Compl. ¶¶ 1-3, 6-9, 11. Plaintiff fails to allege how Defendant Smith–or any of the named defendants–retaliated against Plaintiff for exercising his First Amendment rights. Moreover, Plaintiff fails to allege that any of the named defendants were aware that he spoke at neighborhood meetings or that he spoke to Channel 7 News.

### iii.   Plaintiff Fails To State A § 1983 Claim Against Defendant Wickersham

Defendant Wickersham is being sued in his individual capacity for failing to intervene when deputies allegedly raided Plaintiff's home. (Pl.'s Resp. at Pg ID 119-120). The Court finds that Plaintiff has not sufficiently stated this claim against Defendant Wickersham.

14

As a threshold matter, for a defendant to be held individually liable under 42 U.S.C. § 1983, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A defendant may not be held liable under Section 1983 unless he personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). A plaintiff must demonstrate that a supervisory official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Notably, supervisory liability cannot be based upon the failure to act. *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Here, Plaintiff fails to assert facts demonstrating that Defendant Wickersham was personally involved in the alleged raids of Plaintiff's home. In fact, Defendant Wickersham is only mentioned in Plaintiff's complaint three times. (Compl. at p. 2, ¶¶ 6, 14). Plaintiff alleges that the "raids continued [un]til [Plaintiff] had a sit down with Sheriff Wickersham, and made the raids stop..." (Compl. ¶ 6). Based on Plaintiff's own complaint, Defendant Wickersham intervened upon being made aware of the alleged misconduct.

### iv.     Plaintiff Fails To State A Claim For Municipal Liability As To Macomb County

It appears, from Plaintiff's complaint and responsive pleadings, that Plaintiff is bringing a municipal liability claim against Macomb County. Liberally construing Plaintiff's complaint, the Court concludes that Plaintiff has failed to allege facts sufficient to establish this claim.

15

Presumably, Plaintiff's claim rests upon the alleged altercations between Plaintiff, his racist neighbors, and members of the Macomb County Sheriff's Department.

A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). "A municipality may not be held vicariously liable under § 1983 for the acts of its employees or agents." *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003).

Plaintiff alleges that Macomb County has ignored Plaintiff's several complaints regarding hate crimes and has left corrupt officials in place. (Compl. at 3). In his response brief, Plaintiff asserts that a municipal policy or custom condoning police misconduct can be inferred from Macomb County's failure to train its officers. (Pl.'s Resp. at Pg ID 121).

To the extent that Plaintiff premises his municipal liability claim on a failure-to-train theory, Plaintiff is required to show "'prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)).

Plaintiff's complaint does not allege that there were prior instances of similar misconduct

16

so as to imply that Macomb County was *clearly* on notice that its training was deficient.  As

such, the Court finds that Plaintiff fails to state a municipal liability against Macomb County.

**B.      Plaintiff's State-Law Claims**

To the extent that Plaintiff asserts any state-law claims against Defendants, the Court

shall decline to exercise supplemental jurisdiction over these claims.  *See* 28 U.S.C. § 1367(c)

("The district courts *may* decline to exercise supplemental jurisdiction over a claim ... if ... the

district court has dismissed all claims over which it has original jurisdiction" (emphasis added));

*see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to

dismiss for failure to state a federal claim, the court generally retains discretion to exercise

supplemental jurisdiction, pursuant to 28 U.S.C. 1367, over pendent state-law claims").

**C.      The Court Shall Not Award Attorney Fees To Defendants**

Defendants' motion additionally seeks an award of attorney fees.  Apart from requesting

attorney fees, Defendants do not provide the Court with any analysis as to the issue.  42 U.S.C. §

1988 provides that in actions or proceedings to enforce provisions of certain enumerated statutes,

including § 1983, "the court, *in its discretion*, may allow a reasonable attorney's fee as part of

the costs." 42 U.S.C. § 1988(b) (emphasis added).

The Court shall deny Defendant's request for attorney fees.  In so doing, the Court notes

that this § 1983 complaint was filed by a *pro se* plaintiff.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Dismissal and Summary

Judgment shall be **GRANTED IN PART AND DENIED IN PART**.  The motion shall be

GRANTED to the extent that it seeks dismissal of Plaintiff's complaint.  Accordingly, Plaintiff's

claims are **DISMISSED WITH PREJUDICE** except to the extent that his claims fall under the rubric of *Heck*, which such claims are **DISMISSED WITHOUT PREJUDICE**[11] until his criminal conviction has been invalidated.  Defendants' motion shall be DENIED to the extent that it seeks an award of attorney fees.

**IT IS SO ORDERED**.

Dated:  July 1, 2016                         S/ Sean F. Cox                         
                                             Sean F. Cox
                                             U. S. District Judge


I hereby certify that on July 1, 2016, the foregoing document was served on counsel of record via electronic means and upon Cory Holland via First Class mail at the address below:

Cory Holland, Sr
905 E Mapledale Ave
Hazel Park, MI 48030


                                             S/ J. McCoy                         
                                             Case Manager

---

[11] *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).